Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| *IVELISSE IRIZARRY ORTIZ Y OTROS*<br><br>*Recurrido*<br><br>v.<br><br>HÉCTOR L. VALENTÍN COLÓN Y OTROS<br><br>*Peticionarios* | KLCE202300068 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2018CV00239<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece ante nos Universal Insurance Company (Universal), Héctor L. Valentín Colón (señor Valentín Colón) y Héctor J. Valentín Lugo (señor Valentín Lugo) (en conjunto, parte peticionaria) mediante petición de *Certiorari* y nos solicitan la revocación de la *Resolución y Orden* emitida el 23 de noviembre de 2022 y notificada el 1 de diciembre de 2022 por el Tribunal de Primera Instancia, Sala de Mayagüez (TPI o foro primario). Mediante el referido dictamen, el foro primario ordenó la eliminación de la sexta defensa afirmativa de la contestación a la demanda enmendada, conforme la Regla 10.5 de Procedimiento Civil, 32 LPRA Ap. V y prohibió *in limine* la presentación de cualquier prueba durante el juicio en su fondo conducente a otros terceros.

El 23 de enero de 2023, la parte peticionaria presentó el recurso de *Certiorari* que nos ocupa junto a una *Moción en Auxilio de Jurisdicción,* la cual este Tribunal denegó mediante *Resolución* dictada el 24 de enero de 2023.

Número Identificador
RES2023_____

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

## I.

Según surge del expediente, el 16 de octubre de 2018, la señora Ivelisse Irizarry Ortiz, Ángel Omar Rodríguez Irizarry, Ángel Javier Rodríguez Irizarry y Paola Mariel Rodríguez Irizarry (en conjunto, parte recurrida) presentaron una *Demanda*[1] sobre daños y perjuicios contra el señor Valentín Colón, el señor Valentín Lugo, Lasalle Construction Group, LLC (Lasalle) y Universal, como aseguradora de Lasalle y el señor Valentín Colón.

La parte recurrida alegó en la demanda que el 26 de octubre de 2017, en el municipio de Añasco, se suscitó un accidente en el que el señor Ángel Rodríguez Valentín (señor Rodríguez Valentín) falleció tras ser atropellado por un camión propiedad del señor Valentín Colón, el cual era conducido por el señor Valentín Lugo mientras realizaba trabajos para Lasalle. Arguyen que, el 29 de septiembre de 2017, el municipio de Añasco contrató a Lasalle para realizar trabajos de recogido de escombros y/o material vegetativo y que Lasalle, a su vez, contrató a varios camioneros, incluyendo al señor Valentín Colón y el señor Valentín Lugo, para realizar estos trabajos. Mientras el señor Rodríguez Valentín inspeccionaba los escombros almacenados en la parte trasera de un camión, el señor Valentín Lugo comenzó la marcha de su camión e impactó al señor Rodríguez Valentín. Posteriormente, el 19 de octubre de 2018, la parte recurrida presentó una *Demanda Enmendada*[2].

En respuesta, el 19 de febrero de 2019, el señor Valentín Colón y el señor Valentín Lugo presentaron *Contestación a Demanda*

---

[1] Véase Apéndice del Recurso de *Certiorari*, págs. 1-6. Ivelisse Irizarry Ortiz, es la viuda del señor Ángel Rodríguez Valentín. Ángel Omar Rodríguez Irizarry, Ángel Javier Rodríguez Irizarry y Paola Mariel Rodríguez Irizarry son hijos de la señora Ivelisse Irizarry Ortiz y el señor Ángel Rodríguez Valentín.
[2] Véase Apéndice del Recurso de *Certiorari*, págs. 7-12.

*Enmendada*[3] en la que negaron la mayoría de las alegaciones en su contra. No obstante, estos aceptaron que fueron contratados por Lasalle para transportar escombros y/o material vegetativo en camiones. Como defensas afirmativas, invocaron, entre otras, que la demanda enmendada deja de exponer una reclamación que justifique la concesión de un remedio; que la causa de acción se encuentra prescrita; que falta parte indispensable; que la ocurrencia del accidente se debió a la culpa o negligencia de terceras personas; que la parte recurrida no mitigó daños; y, que el señor Rodríguez Valentín asumió el riesgo.

Posteriormente, el 13 de junio de 2019, las partes demandantes y codemandadas comparecieron mediante *Solicitud de Desistimiento Parcial Voluntario con Perjuicio*. En esta, adujeron que la parte recurrida determinó desistir con perjuicio de las reclamaciones instadas contra Lasalle y Universal (como aseguradora de Lasalle). En consecuencia, el 24 de julio de 2019, notificada el 26 de julio de 2019, el TPI emitió una *Sentencia Parcial*[4] en la que declaró Con Lugar la solicitud de desistimiento parcial.

Luego de varios trámites procesales, el 8 de diciembre de 2021, las partes sometieron su *Informe de Conferencia con Antelación a Juicio*[5]. Así, el 15 de diciembre de 2021, el TPI celebró la vista de conferencia con antelación al juicio. Según surge de la *Minuta*[6], transcrita el 29 de diciembre de 2021, el TPI concedió a las partes hasta el 6 de abril de 2022 para presentar memorando de derecho. En cumplimiento con lo anterior, ambas partes sometieron sus respectivos memorandos.

La parte recurrida adujo en su memorando de derecho que la parte peticionaria incumplió con las Reglas 6.2 y 6.3 de

---

[3] Véase Apéndice del Recurso de *Certiorari*, págs. 23-30.
[4] Véase Apéndice del Recurso de *Certiorari*, pág. 33.
[5] Véase Apéndice del Recurso de *Certiorari*, págs. 38-65.
[6] Véase Apéndice del Recurso de *Certiorari*, págs. 66-67.

Procedimiento Civil[7], por lo que renunciaron a la defensa de responsabilizar a alegados terceros cocausantes. Afirmaron que los peticionarios no pueden imputarle responsabilidad a terceros que no son parte del pleito y reiteraron que, como cuestión de derecho, no procede autorizar la enmienda a las alegaciones a los fines de incluir a estos terceros[8].

Por otro lado, en su memorando de derecho, la parte peticionaria discutió lo resuelto en *Fraguada Bonilla v. Hospital Auxilio Mutuo*, 186 DPR 365 (2012) y *Maldonado Rivera v. Suárez*, 195 DPR (2016). En esencia, adujo que, una vez escuchada la prueba, el foro primario puede hacer una determinación de responsabilidad de aquellos cocausantes del daño que no estén presentes en el pleito. La parte peticionaria sostuvo que el municipio de Añasco, FEMA y Lasalle fueron cocausantes del daño y no son parte en el pleito.

Así las cosas, el 23 de noviembre de 2022 y notificada el 1 de diciembre de 2022, el TPI emitió una *Resolución y Orden*[9], mediante la cual concluyó que la parte peticionaria debió invocar como defensa en su contestación a la demanda enmendada que el Municipio, FEMA y Lasalle eran también responsables, y que su por ciento de responsabilidad se debía reducir de la indemnización de la parte recurrida. En específico, el foro primario dispuso lo siguiente:

> [S]e ordena la eliminación de la sexta defensa afirmativa de la contestación a la demanda enmendada de Valentín y Universal conforme la Regla 10.5 de Procedimiento Civil, 32 LPRA Ap. V, y se prohíbe *in limine* la presentación de cualquier prueba durante el juicio en su fondo conducente a responsabilizar a otros terceros, incluyendo al Municipio, FEMA y Lasalle, por los daños alegados en la demanda enmendada[10].

---

[7] 32 LPRA Ap. V.
[8] Véase Apéndice del Recurso de *Certiorari*, págs. 68-118.
[9] Véase Apéndice del Recurso de *Certiorari*, págs. 130-144.
[10] Véase Apéndice del Recurso de *Certiorari*, pág. 143. Cabe mencionar que la sexta defensa afirmativa en la *Contestación a Demanda Enmendada* indica lo siguiente: "De determinarse en su día la ocurrencia del accidente descrito en la Demanda Enmendada, se alega que el mismo se debió a la culpa y negligencia total y/o parcial de terceras personas, de las cuales no vienen obligados a responder los comparecientes."

En desacuerdo con el referido dictamen, el 16 de diciembre de 2022, la parte peticionaria presentó *Moción de Reconsideración*[11]. El 22 de diciembre de 2022, la parte recurrida presentó su Oposición a *Moción de Reconsideración*[12]. El 19 de diciembre de 2022, notificada el 23 de diciembre de 2022, el TPI emitió una *Resolución*[13] en la que declaró No Ha Lugar la solicitud de reconsideración presentada por la parte peticionaria.

Aún inconformes, el 23 de enero de 2023, la parte peticionaria presentó el recurso de epígrafe en el cual imputa al TPI los siguientes señalamientos de error:

> ERRÓ EL TPI AL NO EXIGIRLE A LA PARTE DEMANDANTE-RECURRIDA EL CUMPLIMIENTO DE SU DEBER AFIRMATIVO DE REALIZAR DILIGENCIAS RAZONABLES DIRIGIDAS A IDENTIFICAR A TODOS LOS POTENCIALES COCAUSANTES SOLIDARIOS RESPONSABLES DEL DAÑO POR EL CUAL RECLAMA PREVIO A PRESENTAR LA DEMANDA Y TRANSFERIR A LA PARTE DEMANDADA-PETICIONARIA EL PESA [SIC] DE PROBAR MEDIANTE DEFENSA AFIRMATIVA EL PORCIENTO DE RESPONSABILIDAD CORRESPONDIENTE A CADA COCAUSANTE SOLIDARIO QUE EL TRIBUNAL SUPREMO LE IMPUSO A LA PARTE DEMANDANTE-RECURRIDA EN MALDONADO V. SUAREZ, 195 D.P.R. 182 (2016) PARA TENER DERECHO A REDUCIR DE CUALQUIER CUANTÍA QUE EL DEMANDANTE OBTENGA, AQUELLA PORCIÓN CORRESPONDIENTE A LOS COCAUSANTES AUSENTES QUE EL DEMANDANTE NO ACUMULÓ.
>
> ERRÓ EL TPI AL PROHIBIRLE A LA PARTE DEMANDANTE-PETICIONARIA PRESENTAR DURANTE EL JUICIO DEL 13 DE FEBRERO LA PRUEBA QUE EL JUZGADOR VIENE OBLIGADO A CONSIDERAR PARA DESEMPEÑAR SU FUNCIÓN MINISTERIAL Y DETERMINAR EL POR CIENTO DE RESPONSABILIDAD DE CADA COCAUSANTE AUSENTE QUE LA PARTE DEMANDANTE RECURRIDA NO ACUMULÓ COMO RESULTADO DE SU FALTA DE DILIGENCIA, PARA LUEGO DEDUCIRLO DE CUALQUIER CUANTÍA BRUTA DE COMPENSACIÓN QUE EL DEMANDANTE PUEDA TENER DERECHO A RECOBRAR.
>
> ERRÓ EL TPI AL RESOLVER QUE LA PARTE DEMANDANTE NO CONOCÍA O NO PUDO HABER SABIDO SOBRE LA PRESUNTA RESPONSABILIDAD DE LOS COCAUSANTES AUSENTES, POR LO CUAL NO PUDO HABERLOS INCLUIDOS EN SU DEMANDA AL MOMENTO DE SU RADICACIÓN.

El 23 de enero de 2023, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción* mediante la cual solicitó la paralización de los procedimientos ante el TPI. El 24 de enero de 2023, la parte recurrida, presentó *Oposición a Moción de Orden*

---

[11] Véase Apéndice del Recurso de *Certiorari*, págs. 145-175.
[12] Véase Apéndice del Recurso de *Certiorari*, págs. 176-186.
[13] Véase Apéndice del Recurso de *Certiorari*, pág. 187.

*Provisional en Auxilio de Jurisdicción.* Mediante *Resolución* dictada el 24 de enero de 2023, este Tribunal declaró No Ha Lugar la Moción en Auxilio de Jurisdicción presentada por la parte peticionaria.

El 22 de febrero de 2022, la parte recurrida compareció mediante *Memorando en Cumplimiento con Resolución del 13 de febrero y en Oposición a la Expedición del Auto de Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso ante nuestra consideración.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones[14] de un foro inferior[15]. Esta facultad discrecional de los tribunales apelativos, para expedir o denegar un recurso de *certiorari*, está limitada por la Regla 52.1 de Procedimiento Civil de Puerto Rico[16], que establece cuáles asuntos interlocutorios serán revisables.

Esta norma procesal faculta nuestra intervención en situaciones determinadas. En específico, dispone que:

> [...]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación

---

[14] "[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019).

[15] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

[16] 32 LPRA Ap. V, R. 52.1.

constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales[17].

Una vez el tribunal apelativo determina que la resolución interlocutoria es revisable según la Regla 52.1, *supra,* procede su evaluación al amparo de otros parámetros. Así pues, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros[18]. Al ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar[19]. Éstos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Este recurso debe ser utilizado con cautela y por razones de peso[20]. Solo procede "cuando no existe un recurso de apelación o cualquier otro recurso ordinario que proteja eficaz y rápidamente los

---

[17] Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Véase Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).
[18] *Véase Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).
[19] 4 LPRA Ap. XXII-B, R. 40.
[20] *Pueblo v. Díaz de León,* 176 DPR 913, 918 (2009).

derechos del peticionario", o en aquellos casos en los que la ley no provee un remedio adecuado para corregir el error señalado[21].

Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[22]. Esta norma de deferencia también aplica a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[23].

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión"[24].

### III.

Mediante el recurso de epígrafe, la parte peticionaria nos solicita la revocación de la *Resolución y Orden* emitida el 23 de noviembre de 2022, notificada el 1 de diciembre de 2022, por el TPI. En síntesis, la parte peticionaria alega que erró el foro primario al no exigirle a la parte recurrida realizar diligencias razonables para identificar a todos los potenciales cocausantes solidarios responsables del daño por el cual reclama. Además, señala que

---

[21] *Íd.*
[22] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[23] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[24] 32 LPRA Ap. V, R. 52.1.

incidió el TPI al prohibirle presentar prueba durante el juicio para determinar el por ciento de responsabilidad de cada cocausante ausente.

Tras examinar el tracto procesal que ha tenido esta controversia, los argumentos presentados por las partes y la *Resolución y Orden* recurrida, bajo los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* no identificamos que el foro primario haya incurrido en prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba que amerite la intervención de este Tribunal de Apelaciones en esta etapa de los procedimientos. Tampoco nos encontramos ante una situación que amerite nuestra intervención para evitar un fracaso de la justicia. La *Resolución y Orden* recurrida fue emitida conforme a derecho y bajo los parámetros que rigen la discreción judicial. Por consiguiente, declinamos ejercer nuestra función revisora y denegamos la expedición del auto de *certiorari* solicitado.

**IV.**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones